IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHEMOURS COMPANY FC, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 17-1612 (MN) |
| | ) |
| DAIKIN INDUSTRIES, LTD. and DAIKIN AMERICA, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 8th day of July 2022:

Chemours previously moved for summary judgment on Daikin's obviousness and anticipation counterclaims and defenses, all of which rely on prior art Daikin products,[1] arguing that IPR estoppel under 35 U.S.C. § 315(e)(2) prevents Daikin from asserting them as invalidity grounds in this case.  (*See* D.I. 270, 271, 272, 315, 316 & 317).[2]  There is no dispute that Daikin could not have raised the prior-art products during the IPR proceedings, but Chemours argues that those products are "cumulative" to the paper art that Daikin asserted during the IPR proceedings and, thus, estoppel applies.  (*See, e.g.*, D.I. 271 at 2, 5).  Daikin opposed Chemours's motion, arguing that the products are not cumulative or, at a minimum, that genuine issues of material fact as to the differences between the prior-art products and the paper art exist that precluded the grant of Chemours's motion.  (D.I. 288, 289, 290 & 291).  The Court agreed that there was at least a

---

[1] The prior-art products are NP-101, NP-101H, NP-2000 and NP-3000.  (*See* D.I. 403 ¶ 45).  Chemours asserts that the estoppel applies to use of those products alone or in combination with prior art publications disclosing that fluorination of fluoropolymers was a known method of reducing unstable, reactive endgroups on the polymer.

[2] Chemours bears the burden to prove that estoppel is appropriate.  *Oil-Dri Corp. of Am. v. Nestlé Purina Petcare Co.*, No. 15-1067, 2019 WL 861394, at *10 (N.D. Ill. Feb. 22, 2019).

factual dispute and denied Chemours's motion. (D.I. 390). That, however, did not put the issue to rest.

At the pretrial conference, Chemours asked how cumulativeness (and the application of IPR estoppel) was to be decided given that estoppel – as an equitable issue – seemed to be for the Court and not the jury. Chemours argued that, absent a further ruling from the Court, no determination about the factual disputes as to cumulativeness would be made because the only ruling to date on the issue was that Chemours was not entitled to summary judgment. The Court initially agreed to hear evidence on the cumulativeness of the prior-art products over the paper art submitted in the IPR outside of the presence of the jury. Upon further consideration, however, the Court concludes such a hearing is unnecessary.

As a matter of statutory interpretation, estoppel does not apply to the prior-art products that Daikin relies on – regardless of whether those products are "cumulative." Section 315(e)(2) states that an IPR petitioner "may not assert" in a later district court action "that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2). "Although the Patent Act does not expressly define the term 'ground,' . . . courts have interpreted this term in the IPR estoppel context to mean the 'specific pieces of prior art' that are 'the basis or bases on which a petitioner challenges a claim.'" *Medline Indus., Inc. v. C.R. Bard, Inc.*, No. 17-7216, 2020 WL 5512132, at *3 (N.D. Ill. Sept. 14, 2020) (citations omitted). Based on this interpretation, "§ 315(e)(2) does not estop an IPR petitioner's use in litigation of an invalidity theory that relies upon a product as a prior art reference because a prior art product cannot be used as a reference to challenge the validity of a patent claim in an IPR. Therefore, any invalidity theory relying upon that product as a prior art reference is not a 'ground' that reasonably could have been raised during the IPR." *Id.* (citing 35 U.S.C. § 315(e)(2)).

The Court is aware that district courts addressing this issue have come to differing conclusions. *See Wasica Fin. GmbH v. Schrader Int'l, Inc.*, 432 F. Supp. 3d 448, 454 n.6 (D. Del. 2020), *appeal dismissed*, No. 2020-2124, 2020 WL 8374870 (Fed. Cir. Sept. 24, 2020) (noting the "division amongst District Courts that have considered this (or a closely-related) question"); *see also Medline*, 2020 WL 5512132, at *3 (citing *Wasica*). In the absence of guidance from the Supreme Court or the Federal Circuit, this Court aligns with those courts that have adhered more closely to the statutory language.

The statute at issue was the product of considered debate and careful thought. Congress could have broadened the categories of prior art on which IPR could be requested. Congress could have dictated that estoppel applies to products covered by the paper art underlying the IPR where the paper art discloses the same claim limitations as the product. But Congress did not do so. Adhering to well-accepted canons of construction, it is not for this Court to ignore Congress's omission and create additional bases for estoppel.

THEREFORE, IT IS HEREBY ORDERED, that Chemours's motion for summary judgment is DENIED. IPR estoppel does not apply to Daikin's anticipation and obviousness counterclaims and defenses based on the asserted prior-art products in this case.

*/s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge